IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV417 |
| | ) | |
| AMERICAN FAMILY PREPAID LEGAL | ) | |
| CORP. INC., | ) | |
| | ) | |
| Defendant(s). | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff,[1] Jonathan Lee Riches, a federal prisoner incarcerated on various fraud and money laundering charges, has submitted a document entitled "Motion For Judge Recusal under 28 U.S.C. § 455(A)(B), (C)[,] Motion to Intervene as Plaintiffs under rule 24(A)2, 24(B)[sic]." He lists a case number of 1:07CV202, which is the number for an ongoing civil case in this court, but there is no legitimate connection between Plaintiff, his pleading, and that case.

Plaintiff is, in fact, a prolific *pro se* litigator in federal court who, according to the United States Courts Pacer U.S. Party/Case Index, has filed more than 2400 cases in districts across the nation. Plaintiff's many filings have left him in a position where he is barred from filing further cases in federal court without submitting the $350 filing fee or showing that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Riches v. Khanani*,

---

[1]Farrah Fawcett and Ryan O'Neal are also listed as plaintiffs; however, it is clear that Riches is acting alone in filing this case. He has simply listed other persons as plaintiffs without their knowledge.

1:08CV00024 (N.D.W. Va. March 12, 2008)(unpublished order dismissing dozens of cases filed by Plaintiff). The opinion and order dismissing *Khanani* cites seven of Plaintiff's cases which have been dismissed for being frivolous, malicious, or failing to state a claim. Id. at 15 (citing *Riches v. Guantanamo Bay*, Case No. 2:07-CV-13041-VAR (E.D. Mich., Order dated Aug. 8, 2007); *Riches v. Bureau of Prisons*, Case No. 6:06-CV-00194-MBS (D.S.C., Order dated Mar. 17, 2006); *Riches v. Doe*, Case No. 1:07-CV-20042-FAM (S.D. Fla., Order dated Jan. 24, 2007); *Riches v. Simpson, et al.*, Case No. 6:07-CV-1504 - Orl - 31 KRS (M.D. Fla., Order dated Sept. 24, 2007); *Riches v. Jena 6, et al.*, Civil Action No. 07-1656-A (W.D. La., Order dated Oct. 24, 2007); *Riches v. Swartz, et al.*, Civil Action No. 7:07-CV-00379 (W.D. Va., Order dated Aug. 13, 2007); *Riches v. Williams, et al.*, Civil Action No. 7:07-CV-427 (W.D. Va., Order dated Sept. 12, 2007)). There are likely now many more, but three such cases are sufficient under § 1915(g) to bar Plaintiff from filing cases without paying the filing fee or showing imminent danger.

Viewed in light of Plaintiff's past litigation habits, his current filing is clearly an effort to evade the § 1915 requirements and continue his stream of harassing litigation by airing his grievances as "motions to intervene" in ongoing civil cases. This is the third time that he has now done so in this court. The court should not countenance his actions, but should construe the motion as an independent lawsuit. Because Plaintiff has not paid the filing fee or alleged any imminent danger of serious physical harm, the case should be dismissed without prejudice to being refiled with the appropriate filing fee.

**IT IS THEREFORE RECOMMENDED** that this action be filed as an independent lawsuit, but dismissed, *sua sponte*, without prejudice to Plaintiff's refiling the complaint accompanied by the $350.00 filing fee required for such actions.

_____
**Wallace W. Dixon, U. S. Magistrate Judge**

June 24, 2009

-3-

Case 1:09-cv-00417-JAB-WWD   Document 2   Filed 06/24/09   Page 3 of 3